[Crim. No. 543. First Appellate District.—July 21, 1915.]

THE PEOPLE, Respondent, v. CHOW JUYAN, Appellant.

CRIMINAL LAW—VIOLATION OF MEDICAL ACT—PLEADING—SUFFICIENCY OF INFORMATION.—In this prosecution for the violation of the act for the regulation of the practice of medicine and surgery it is held that the information is not insufficient, in that it, in attempting to identify the statute which appellant is alleged to have violated, specifically pleads a portion of the act of the legislature of 1907, which was repealed by an act of 1913; nor is it insufficient, in the absence of a special demurrer, in that in the first part the offense is conjunctively charged against the appellant and one other whereas later on in referring to the offenders, the word "himself" is employed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Michelsen & Michelsen, for Appellant.

U. S. Webb, Attorney-General, and Louis H. Ward, for Respondent.

THE COURT.—This is an appeal from the judgment of conviction and from an order denying defendant's motion for a new trial. It is urged in support of the appeal that the information is so defective that the court acquired no jurisdiction of the defendant because it was insufficient to inform him of the offense he was called upon to meet. It is argued that

this insufficiency consists in the fact that the information "in attempting to identify the statute which appellant is alleged to have violated specifically pleads a portion of an act of the legislature of 1907, [Stats. 1907, p. 252], which was repealed by an act of the legislature of 1913," [Stats. 1913, p. 722].

The language of the information is: "Chow Let and Chow Juyan are accused . . . by this information of the crime of misdemeanor, to wit, violating section 17 of an act for the regulation of the practice of medicine and surgery, osteopathy and other systems or modes of treating the sick and afflicted . . . approved June 2nd, 1913, committed as follows: The said Chow Let and Chow Juyan . . . did willfully, unlawfully and without then or there having a valid unrevoked certificate . . . practice, attempt to practice, advertise and hold himself out as practicing a system of treating the sick and afflicted, and did then and there diagnose, treat, operate for, and prescribe for a certain disease, injury, and deformity, and other mental and physical condition of a certain person, to wit," etc.

We think that this information is not susceptible to the objection raised. The fact that in describing the particulars of the offense it employs language more like that contained in the repealed act than in the existing one is immaterial, since the language employed does actually describe the offense set out in the latter act. In view of that fact, and the further circumstance that the information specifically designates the existing statute as the one violated, including the particular section, it seems clear to us that the defendant could not possibly have been misled as to the precise accusation against him.

The next objection of the appellant is that in the first part of the information the offense is conjunctively charged against the appellant and one other; whereas later on in referring to the offenders the word "himself" is employed. If any ambiguity in the charge was thus created it should have been reached by special demurrer; but none having been interposed the ambiguity must be deemed immaterial and to have caused no uncertainty in the mind of the defendant as to whether he was the party accused or the nature of the accusation he was called upon to meet.

The other points urged in support of the appeal are identical with those raised in the case of the *People* v. *Chong*, (Crim. No. 549), *ante,* p. 121, [151 Pac. 553], this day decided by this

court. Those objections were there held to be untenable and not to warrant a reversal of the judgment, and for the reasons there given we hold them to be equally inefficacious here.

The judgment and order are affirmed.