THE COURT.—The defendant was charged with violating section 17 of chapter 354 of the statutes of 1913, relating to the practice of medicine and surgery. He was convicted and appeals from the judgment and from an order denying his motion for a new trial.

The questions raised upon this appeal are identical with those presented in the case of *People* v. *Chow Juyan*, (Crim. No. 543), *ante,* p. 124, [151 Pac. 554], this day decided, and the decision of those questions as arrived at in that case will apply to this. For the reasons stated for the affirmance of the judgment and order in said case (Crim. No. 543) the judgment and order herein are affirmed.

[Crim. No. 547. First Appellate District.—July 21, 1915.]

## THE PEOPLE, Respondent, v. CHOW LET, Appellant.

CRIMINAL LAW—VIOLATION OF MEDICAL ACT—INFORMATION.—Judgment of conviction and order refusing a new trial affirmed on the authority of *People* v. *Chow Juyan, ante,* p. 124.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. William P. Lawlor, Judge.

The facts are similar to those stated in the opinion in *People* v. *Chow Juyan, ante,* p. 124, [151 Pac. 554].

Michelsen & Michelsen, for Appellant.

U. S. Webb, Attorney-General, and Louis H. Ward, for Respondent.

THE COURT.—The defendant was charged with violating section 17 of chapter 354 of the statutes of 1913, relating to the practice of medicine and surgery. He was convicted, and appeals from the judgment and from an order denying his motion for a new trial.

The questions raised upon this appeal are identical with those presented in the case of *People* v. *Chow Juyan,* (Crim.

No. 543), *ante*, p. 124, [151 Pac. 554], this day decided, and the decision of those questions as arrived at in that case will apply to this. For the reasons stated for the affirmance of the judgment and order in said case (Crim. No. 543) the judgment and order herein are affirmed.

---

[Crim. No. 329. Third Appellate District.—October 20, 1915.]

In the Matter of the Application of JAMES THOMPSON, on Habeas Corpus.

CRIMINAL LAW — COMMITMENT — WANT OF PROBABLE CAUSE — HABEAS CORPUS.—Prisoner discharged on *habeas corpus* on the authority of *Ex parte Hartwell, ante*, p. 627.

APPLICATION for a Writ of Habeas Corpus.

The facts are similar to those stated in the opinion in *Ex parte Hartwell, ante*, p. 627, [153 Pac. 730].

Hennessy & Peterson, and James Snell, for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THE COURT.—This petition is based upon the proceedings in *Ex parte Hartwell*, (Crim. No. 328), *ante*, p. 627, [153 Pac. 730], this day decided. The charge and the evidence were the same in both cases.

Upon the authority of *Ex parte Hartwell*, the prisoner is discharged.